IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-02560-LTB-CBS


THE UNITED STATES OF AMERICA,

       Plaintiff,

v.

CITY OF COLORADO SPRINGS,

       Defendant.
_____

ORDER
_____

     This matter is before me on a Motion to Intervene filed by Lance Lazoff.  [**Doc #7**]

Oral arguments will not materially aid in the resolution of these motions.  After due consideration,

I GRANT the motion.

     The United States brought this suit against Defendant, City of Colorado Springs (the

"City") alleging that the City violated the non-retaliation prohibition set forth in section 503(a) of

the Americans With Disabilities Act at 42 U.S.C. § 12203(a).   In the First Amended Complaint,

filed on January 24, 2008, the United States specifically avers that the City "has subjected Lance

Lazoff [a City Police Officer] to discrimination in employment practices . . . by denying him a

promotion to Sergeant in retaliation for his assistance of his wife, and/or his association with his

wife, who participated as a named plaintiff in an ADA lawsuit against the City." [Doc #4]

     Mr. Lazoff subsequently filed this motion on January 31, 2008.  He seeks to intervene in

this case, as a matter of right pursuant to Fed. R. Civ. P. 24(a)(1), which provides that  "[on]

timely motion, the Court must permit anyone to intervene . . . who is given an unconditional  right

to intervene by federal statute . . .". He further argues that he is given such right by 42 U.S.C. § 2000e-5(f)(1), which provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision."

In response, the City requests that the motion be denied on the basis that "[i]n the event that [the United State's] cause of action is barred by the doctrine of laches, Lazoff's cause of action should be barred as well, as he elected not to file his own cause of action in a timely manner." However, regardless of the merits of the City's laches defense against the claims in the amended complaint, it is irrelevant to Mr. Lazoff's right to intervene pursuant to Fed. R. Civ. P. 24(a)(1). Furthermore, I find that this motions to intervene – filed seven days after the amended complaint and before any responsive pleading thereto – is timely under Fed. R. Civ. P. 24(a)(1).

Accordingly, I GRANT the Motion to Intervene [**Doc # 7**] and, as a result, I ORDER that Lance Lazoff be added as a Plaintiff to this case.

Dated: March ___11___, 2008, in Denver, Colorado.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE
