IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

07-cv-02560-LTB-CBS

The United States of America,   )
                                )
and Lance Lazoff, Intervenor    )
                                )
          Plaintiffs,           )
                                )
     v.                         )
                                )
City of Colorado Springs,       )
                                )
          Defendant.            )
_____ )

**SUPPLEMENTAL (AND REPLACEMENT) JOINT PROPOSED
SCHEDULING PLAN RELATED TO ELECTRONIC DISCOVERY**

Pursuant to the Court's April 8, 2008 Order and Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties, plaintiff United States of America ("United States"), intervenor Lance Lazoff, and defendant City of Colorado Springs ("City"), propose the following joint Plan with respect to Electronic Discovery:

(I) The parties agree that electronically-stored information ("ESI") will not be produced unless the requesting party expressly requests the production of ESI. The requesting party shall specify the form of ESI that it is seeking. If the requesting party fails to specify the form of ESI that it is seeking, the parties agree that the responding party will use .PDF or .TIFF formats, (static formats) which are reasonably usable by both sides. If the requesting party seeks ESI in its Native File format, all responsive ESI

1

shall be produced with Meta-Data intact. At this time, Plaintiff United States anticipates seeking ESI related to Defendant's decision to not promote Lance Lazoff to Sergeant as well as ESI related to the ADA accommodation claim(s), and settlement of those claims, pursued by Sandy Lazoff along with other former police officers (hereinafter "ADA accommodation claim(s)"). Plaintiff United States and Plaintiff Intervenor Lazoff each anticipates seeking ESI for the period from September 1, 2000 to the present. Defendant anticipates seeking from Plaintiff Intervenor Lazoff's personal computer ESI related to his involvement in the ADA accommodation claims, in addition to ESI related to his effort to be promoted to the rank of Sergeant. Further, Defendant anticipates seeking from Plaintiff United States ESI relating to any communications ATF employee Rich Marianos engaged in regarding Plaintiff Lazoff's efforts to be promoted or regarding former Police Chief Luis Velez. Defendant anticipates seeking ESI for the period from September 1, 2000 to the present.

The parties shall disclose ESI and exchange documents pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than June 2, 2008.

(II)     In this protocol the following terms have the following meanings:

(a) "Meta-Data" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Meta-Data is a subset of ESI.

(b) "Native File(s)" means: ESI in the electronic format of the application in which such ESI is normally created, viewed and/or modified. Native Files are a subset of ESI.

(c) "Static Image(s)" means: a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems. In the absence of agreement of the parties or order of Court, a Static Image should be provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF). Accompanying the Static Images will be an index describing which files go with which documents.

(III)     Supplemental Rule 26(f) Conference

The parties agree to conduct a Supplemental 26(f) Conference ("the Conference") to discuss discovery of ESI. The parties agree that the Conference will be conducted via teleconference, to take place on Tuesday April 22, 2008 at 3:00 pm EST.

(IV) Issues to Be Addressed in Supplemental Rule 26(f) Conference

Among other issues, the parties will discuss the following practical matters related to electronic discovery:

(a) A general description of CSPD's network, including the existence and description of email systems utilized and any database systems where information is or was stored. This description will include discussion of the recent document "migration" that CSPD has advised the parties of, as well as any potential lost data.

(b) The existence and status of ESI, including e-mail and voicemail, transmitted or received by the non-exhaustive list of individuals below, concerning:

Lance Lazoff, Sandy Lazoff, or the ADA accommodation claim(s), and any ESI relating to Defendant's decision to not promote Lance Lazoff:

  (1) Luis Velez;

  (2) Lorne Kramer;

  (3) All CSPD Deputy Chiefs;

  (4) All CSPD supervisors (meaning any individual above the rank of police officer) who were in Lazoff's chain of command at any time between 2000 and 2004, as well as any Commander who provided input to the Chief with regard Lance Lazoff;

  (5) All individuals who served on Lance Lazoff's promotion panel; and;

  (6) Communications between the Chief and/or his administrative staff and the Colorado Springs Human Resource Department with respect to Sandy Lazoff, the ADA accommodation claim(s), the consideration of Lance Lazoff for promotion, or requests to view Lance Lazoff's personnel file.

 (c) Steps CSPD has taken to retrieve, duplicate, delete, and preserve any ESI relevant to the topics and individuals listed above, either as part of a litigation hold or generally.

 (d) Names of past and current network administrators and system managers during the period in question.

 (e) Data retention policies and practices, and data backup policies and practices, of CSPD.

(f) Means of discovery of ESI, including individuals with special knowledge and the use of key word searches.

(V)  Reasonably Accessible

No party should object to the discovery of ESI pursuant to Federal Rule of Civil Procedure 26(b) (2) (B) on the basis that it is not reasonably accessible because of undue burden or cost unless the objection has been stated with particularity, and not in conclusory or boilerplate language. Wherever the term "reasonably accessible" is used in this Protocol, the party asserting that ESI is not reasonably accessible should be prepared to specify facts that support its contention.

(VI)  Privileges

The parties agree that any party may assert attorney-client privilege or work product privilege in the event that a document is inadvertently disclosed in discovery.

DATED at Denver, Colorado, this 21st day of April, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

s/ Alyse S. Bass
Counsel for the Plaintiff United States:
Alyse S. Bass, Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
1425 New York Avenue, N.W.,
Washington D.C., 20005
(202) 616-9511

s/ Virginia M. Jeffrey
Counsel for the Defendant City of Colorado Springs:
Virginia M. Jeffrey, Assistant City Attorney
William B. Bain, Assistant City Attorney City of Colorado Springs
30 S. Nevada Ave, Suite 501
Colorado Springs, Colorado 80901
(719) 385-5905, (719) 385-5909.

s/ Marilee E. Langhoff
Counsel for Intervenor Lance Lazoff:
Marilee E. Langhoff
6131 S. Marion Way
Centennial Colorado 80121
(303) 795-1284