IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02560-LTB-CBS

THE UNITED STATES OF AMERICA,
                              Plaintiff,

and

LANCE LAZOFF,
                              Plaintiff-Intervenor,

v.

CITY OF COLORADO SPRINGS,
                              Defendant.

_____

## CONSENT DECREE

_____


## INTRODUCTION

This Consent Decree resolves a civil action brought by Plaintiff United States and Plaintiff-Intervenor Lance Lazoff against Defendant City of Colorado Springs ("City") to enforce the provisions of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111, et seq., and its implementing regulations, 29 C.F.R. Part 1630. The United States and Mr. Lazoff allege that the City violated the ADA's non-retaliation prohibition, 42 U.S.C. § 12203(a), when the City failed to promote Lance Lazoff to Sergeant in retaliation for an ADA claim that this wife – a former police officer with the Colorado Springs Police Department ("CSPD") – brought against the City and/or for his participation and assistance with that action.

This matter was initiated by the charge filed by Mr. Lazoff (Charge Number 320-2005006-99) with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated the charge, and found reasonable cause to believe Mr. Lazoff's retaliation claim. After the EEOC's attempts to conciliation failed, the EEOC referred the charge to the United States Department of Justice.

The City denies that any of its actions violated the A DA.

As a result of ongoing discussions, the United States, Mr. Lazoff, and the City (collectively, "the parties") have reached agreement that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the United States' or Mr. Lazoff's Complaint. This Consent Decree shall not serve as evidence for purposes of litigation against the City, except for actions to enforce or modify the Consent Decree.

Accordingly, the parties hereby AGREE, and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345. The parties agree that venue is appropriate pursuant to 28 U.S.C. § 1391.

2. The United States has authority to initiate legal proceedings to enforce Title I of the ADA. 42 U.S.C. § 12117.

3. The City is an "employer" within the meaning of § 101(5) of Title I of the ADA, 42 U.S.C. § 12111(5), and a covered entity within the meaning of § 101(2) of the ADA, 42 U.S.C. § 12111(2).

4. The remedies and procedures of § 107(a) of Title I of the ADA, 42 U.S.C. § 12117(a), are available to aggrieved individuals under § 503(a), 42 U.S.C. § 12203(c). Section 107(a) of Title I of the ADA incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

<u>INJUNCTIVE RELIEF</u>

5. The City, by and through its officials, agents, employees, and all persons in active concert or participation with the City in the performance of employment or personnel functions, shall not engage in any practice that discriminates against any employee or applicant for employment on the basis of disability in violation of Title I of the ADA, including retaliation under Title V of the ADA.

6. The City shall not retaliate against any person on the basis of having cooperated with the United States' investigation of the City's employment practices, nor on the basis of any proceedings connected with that investigation or the administration of this Consent Decree.

7. Prior to January 1, 2009, the City shall provide appropriate training on the ADA and its retaliation prohibition to all current CSPD supervisory personnel, above the rank of sergeant, including lieutenants, commanders, deputy chiefs, and the chief.

<u>INDIVIDUAL RELIEF</u>

8. The City will promote Mr. Lazoff to Sergeant upon the first available Sergeant opening, but in any event no later than November 30, 2008. Nothing in this Decree,

however, prevents the City from promoting Mr. Lazoff, regardless of a Sergeant opening, at any time prior to November 30, 2008.

9.      Pending his promotion in accordance with Paragraph 8 of this Consent Decree, the City will pay Mr. Lazoff as a Sergeant for time worked as of June 30, 2008.

10.     The City will provide Mr. Lazoff with retroactive seniority effective April 15, 2004, and all other non-monetary benefits Mr. Lazoff would have received had he been promoted to Sergeant on April 16, 2004.

11.     When bidding for his 2009 schedule, Mr. Lazoff will be accorded seniority based on an April 16, 2004, promotion date.  The City will allow Mr. Lazoff to bid for his 2009 schedule in the regular October 2008 bidding cycle, whether or not he has, by that date, been officially promoted to Sergeant in accordance with Paragraph 8 of this Consent Decree.

12.     The City will pay to, or on behalf of, Mr. Lazoff back pay, including interest, in the total amount of $35,000 (thirty-five thousand dollars), less applicable deductions, contingent on Mr. Lazoff's release of all claims arising from, or related to this action.  The City's payment of back pay to, or on behalf of Mr. Lazoff will be delivered by overnight mail to Mr. Lazoff's counsel within seven (7) days of the City's receipt of Mr. Lazoff's signed release of all claims, but in no event prior to July 29, 2008.  The City will provide counsel for the United States a copy of the check and transmittal letter sent to Mr. Lazoff via his counsel.

13.     The City will make retroactive pension contributions to Mr. Lazoff's pension account, based on the City's payment of back pay as set out in Paragraph 12.

<u>ENFORCEMENT</u>

14.    The United States may review compliance with this Consent Decree at any time and may enforce this Consent Decree if the United States believes that the Consent Decree or any requirement thereof has been violated.  If the United States believes that this Consent Decree or any portion of it has been violated, the United States will raise its concerns with the City, and the parties will attempt to resolve the concerns in good faith. The United States will give the City thirty (30) days to cure the violation prior to instituting any court action, starting from the date that the United States notifies the City of any violation of this Consent Decree.

15.    Failure by the United States to enforce any provision of this Consent Decree shall not be construed as a waiver of the United States' right to enforce other provisions of this Consent Decree.

16.    This Consent Decree does not purport to remedy any other potential violations of the ADA or any other law that is not specifically addressed herein, nor does it affect the City's continuing responsibility to comply with all aspects of the ADA.

17.    This Consent Decree shall remain in effect for three years from the effective date.  The Court shall retain jurisdiction to enforce this Consent Decree.  This Consent Decree will expire three years from the effective date.

18.    The effective date of this Consent Decree is the date on which the Court enters this Consent Decree.

19.    This Consent Decree, and the releases related thereto, constitute the entire agreement among the parties relating to United States and Lazoff v. City of Colorado Springs, Civ. No. 07-cv-02560-LTB-CBS; Department of Justice Number 205-13-20; and

EEOC charge number 320-2005006-99. No other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree or its attachments shall be enforceable.

20.     This Consent Decree shall be binding on the City, its agents, and employees.

21.     The individuals signing this Consent Decree represent that they are authorized to bind the parties to this Consent Decree.

DATED this ___22nd___ day of ___July___, 2008.

BY THE COURT:

___s/Lewis T. Babcock_____
United States District Judge